Vasquez v. NH State Prison Warden    CV-02-283-M   10/30/02

UNITED STATES DISTRICT COURT

DISTRICT OF NEW HAMPSHIRE


Alfredo Vasquez,
      Petitioner

      v.                                    Civil No. 02-283-M
                                            Opinion No. 2002 DNH 196
Warden, New Hampshire
State Prison,
      Respondent


**O R D E R**


Petitioner, Alfredo Vasquez, a state prisoner, through his counsel, Paul J. Haley, Esq., seeks habeas corpus relief under the provisions of 28 U.S.C. § 2254. The petition is not drafted with sufficient clarity to permit a confident determination that the petitioner has exhausted remedies available in state court, as required. However, even giving petitioner the benefit of the doubt on that point, and assuming exhaustion, the petition is facially without merit.

Taking the petition at face value, Vasquez suggests that his imprisonment is in violation of rights secured by the United States Constitution, in that he was not tried upon an indictment returned by a grand jury. Essentially, he argues that the state trial judge unlawfully amended the indictments returned against

him prior to his guilty pleas, and thus "the court substantially changed the charge to which the defendant plead, and clearly did not have the authority and/or jurisdiction to do so." Petition, at 3. He seems to argue, in effect, that he entered pleas of guilty to offenses for which the grand jury never actually indicted him.

A New Hampshire grand jury (Hillsborough County) charged, by way of indictment, that Vasquez committed the following offenses: 1) conspiracy to sell the controlled substance cocaine, in violation of N.H. Rev. Stat. Ann. Ch. ("RSA") 629:3 and 318-B:2; 2) sale of the controlled substance cocaine on June 2, 1998, in violation of RSA 318-B:2; 3) sale of the controlled substance cocaine on June 9, 1998, in violation of RSA 318-B:2, and 4) apparently another drug-related offense (petitioner does not append a copy of the indictment related to the fourth charge, as he does for the first three, but, substantively, the issues presented are identical with respect to each charge). In addition to specifying the essential elements of the crimes charged, each indictment also included an allegation that petitioner had previously been convicted in the Lawrence

2

(Massachusetts) District Court of a violation of the Controlled Substance Act of Massachusetts.

At petitioner's plea hearing the prosecutor advised the court that she had come to learn that Vasquez's earlier drug case in Lawrence, Massachusetts (in which he had apparently pled guilty) had been dismissed. See Petition Exhibit D:

```
MS. YOUNG
[Prosecutor]:    These are subsequent offense
                 indictments upon receipt of his
                 prior record, he did have - he pled
                 guilty to a possession of a drug in
                 Massachusetts.  Following the
                 history of the case, the bottom
                 line is it's dismissed, so we need
                 to amend the indictment.  Defense
                 indicates they have no problem so
                 we'll strike the prior conviction
                 language from the indictment.

THE COURT:       From the three subsequent
                 indictments?

MS YOUNG:        From all four, Your Honor.
```

Id. Accordingly, with petitioner's consent, the court directed that references in the indictments to petitioner's having previously been convicted of a drug offense were deleted. Petitioner now complains that by deleting those references, the court unlawfully amended the indictments, and he entered pleas of

3

guilty to offenses different from those charged in the original indictments.

Petitioner is incorrect. Under New Hampshire law it is settled that an allegation of a previous drug conviction in an indictment does not describe an element of the substantive criminal offense charged under RSA 318-B:2. State v. Gonzalez, 143 N.H. 693 (1999). Rather, language referring to a defendant's prior drug offense in an indictment charging a violation of RSA 318-B:2 merely serves as formal notice that, "if proven, the charged crimes would constitute subsequent offenses and thus subject him to enhanced penalties." Id.; See RSA 318-B:26 I(b) and 27. So, petitioner is incorrect in suggesting that by "amending" the indictments at issue, by striking the prior offense references, the state court "eliminated an element and thus charged the defendant to [sic] a different offense." The deletions merely removed notice of a potentially enhanced sentence – for petitioner's benefit. The elements of the charged criminal offenses under RSA 318-B:2 remained the same, and petitioner providently pled guilty to those offenses, admitting each and every essential element.

The petition also does not describe any violation of Vasquez's federal constitutional rights. While he certainly was constitutionally entitled to be tried only upon an indictment returned by the grand jury, nothing deleted from the returned indictments changed any of the allegations necessary to charge the essential elements of the drug offenses described in RSA 318-B:2, or the conspiracy charged under RSA 629:3. See United States v. Angiulo, et al., 847 F.2d 956, 963-66 (1st Cir. 1988). So, he was properly indicted, the indictments were not unlawfully amended, and his pleas were providently entered.

Perhaps more to the point, petitioner has not asserted, and cannot show, that he is entitled to § 2254 relief under the applicable standard. Nothing in the petition suggests that the state court's adjudication "resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established federal law, as determined by the Supreme Court of the United States." 28 U.S.C. § 2254(d)(1). See also Williams v. Taylor, 529 U.S. 362, 399 (2000). Here, the state court's decision denying relief was entirely consistent with clearly established federal law.

5

Accordingly, the petition is dismissed.  The Clerk shall close the case.

**SO ORDERED.**

_____
Steven J. McAuliffe
United States District Judge

October 30, 2002

cc:  Paul J. Haley, Esq.
     Nancy J. Smith, Esq.